UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE EDWARD EVANS,<br><br>    Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>    Respondent. | Case No. 1:25-cv-00235-CDB (HC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 10) |

Petitioner Gene Edward Evans ("Petitioner"), a state prisoner, proceeds pro se with a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Pending before the Court is Petitioner's motion that the Court appoint counsel to represent him. (Doc. 10). In support of his motion, Petitioner states that he lacks the financial means to retain counsel. *Id.* at 1.

There is no constitutional right to counsel in federal habeas proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). However, the Criminal Justice Act 18 U.S.C. § 3006A, authorizes the Court to appoint counsel for a financially eligible person who seeks relief under § 2254 when the "court determines that the interest of justice so require." *Id.* at § 3006A(a)(2)(B); *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) ("Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is

1  necessary to prevent due process violations.").  Moreover, the *Rules Governing Section 2254*
2  *Cases in the United States District Courts* require the Court to appoint counsel: (1) where
3  discovery is authorized on a showing of good cause and counsel is deemed "necessary" to
4  facilitate effective discovery; or (2) when the court has determined that an evidentiary hearing is
5  warranted for the disposition of a petition.  *See* Habeas Rules 6(a) and 8(c).

6  The Court finds Petitioner has not demonstrated that appointment of counsel is necessary
7  or warranted at this early stage of proceedings.  Although Petitioner asserts that this case involves
8  a complex legal issue, the Court notes that the types of trial court rulings and related issues
9  implicated in this case are not unusual in habeas proceedings.  Furthermore, Petitioner has not
10 shown any exceptional circumstances warrant the appointment of counsel at this stage.
11 Petitioner's proffered difficulties arising from his lack of funds are shared with many other
12 habeas petitioners.  Therefore, at this stage, the circumstances of this case do not indicate that
13 appointed counsel is necessary or that failure to appoint counsel necessarily would implicate due
14 process concerns.

15 **Conclusion and Order**

16 Accordingly, it is HEREBY ORDERED that Petitioner's motion for appointment of
17 counsel (Doc. 10) is DENIED WITHOUT PREJUDICE.

18 IT IS SO ORDERED.

19 Dated:   **March 12, 2025**
20 UNITED STATES MAGISTRATE JUDGE