UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE EDWARD EVANS,<br><br>                    Petitioner,<br><br>         v.<br><br>UNKNOWN,<br><br>                    Respondent. | Case No. 1:25-cv-00235-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR LACK OF JURISDICTION<br><br>(Doc. 1)<br><br>**OBJECTIONS DUE WITHIN 14 DAYS**<br><br><u>Clerk of the Court to Assign District Judge</u> |

Petitioner Gene Edward Evans ("Petitioner"), a state prisoner, proceeds pro se and *in forma pauperis* with a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Because the petition is successive, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

**<u>Relevant Background</u>**

Petitioner is currently serving a term of 245 years to life in prison following his convictions for carjacking, kidnapping, and rape. (Doc. 1 at 1). While Petitioner does not indicate the date of his conviction in his petition, a state court order attached to the petition indicates Petitioner's jury trial and conviction occurred in November 2004. (*Id.* at 85). The Fifth Appellate District Court of Appeal reduced Petitioner's original sentence but otherwise affirmed

Petitioner's conviction on appeal. *People v. Evans*, No. F047507, 2006 WL 2788437, at *7 (Cal. Ct. App. Sept. 29, 2006).

On October 22, 2009, Petitioner filed a federal habeas petition challenging his convictions in this District. *See Evans v. Yates*, No. 1:09-cv-01857-AWI-GSA. The district judge ultimately adopted the magistrate judge's recommendation that the petition be dismissed as untimely. *See id.* at Docs. 28, 33. Following Petitioner's filing of a notice of appeal, on April 27, 2012, the Ninth Circuit Court of Appeals denied Petitioner a certificate of appealability. *Id.* at Doc. 40.

Petitioner filed the instant petition on February 14, 2025. (Doc. 1).

**Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases ("Habeas Rules") requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. *Pro se* habeas petitions are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court must dismiss a petition "[i]f it plainly appears from the petition … that the petitioner is not entitled to relief." Habeas Rule 4. Habeas Rule 2(c) requires that a petition 1) specify all grounds for relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding."). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

**Discussion**

As indicated above, Petitioner previously filed a federal habeas petition challenging the same underlying convictions as the instant petition. Pursuant to 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Where the claim was not present in a prior application, it shall be dismissed unless (1) "the applicant shows that the claim relies on a new

2

rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;" or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2). However, before filing a second or successive petition, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In the instant petition, Petitioner claims that he received ineffective assistance of counsel; certain evidence was tampered with; and there was insufficient evidence to support his convictions. (*See generally* Doc. 1). For Petitioner to be able to proceed on his petition, he must establish that the factual predicate for these claims accrued after he filed his initial petition. *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) ("Nor is a petition second or successive if the factual predicate for the claim accrued only after the time of the initial petition."). While Petitioner references "new evidence" that blood samples were tampered with, in making this argument he points to alleged testimony *at trial* as supporting his claim. (Doc. 1 at 4-5, 15, 43, 46). However, if Petitioner's argument is based on trial testimony, it follows that the factual predicate underlying his claims accrued well before his previous habeas petition was filed. Thus, the current petition is an unauthorized successive petition, and this "court lacks jurisdiction and must dismiss the petition." *Brown*, 889 F.3d at 667.

**Conclusion and Recommendation**

Accordingly, the Clerk of Court is DIRECTED to randomly assign a district judge.

Additionally, for the foregoing reasons, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be dismissed for lack of jurisdiction.

These findings and recommendations will be submitted to the United States District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of service, any party may file written objections to these findings and recommendations with the

Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing the Findings and Recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 13, 2025**                          _____
                                                      UNITED STATES MAGISTRATE JUDGE