1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  GENE EDWARD EVANS,                    Case No. 1:25-cv-00235-CDB (HC)

12              Petitioner,              ORDER DENYING RENEWED MOTION
                                         FOR APPOINTMENT OF COUNSEL
13        v.
                                         (Doc. 14)
14  UNKNOWN,

15              Respondent.

16

17        Petitioner Gene Edward Evans ("Petitioner"), a state prisoner, proceeds pro se with a

18  petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  On August 13, 2025,

19  the undersigned entered Findings and Recommendations, recommending that the petition be

20  dismissed as an unauthorized second or successive petition.  (Doc. 13).  Within the time to file

21  objections to the Findings and Recommendations, Petitioner submitted an untitled filing

22  consisting of 26 hand-written pages, a photo of Petitioner, portions of transcripts, and copies of

23  various court documents.  (Doc. 14).  The undersigned construes the filing as a renewed motion

24  for appointment of counsel based on Petitioner's lack of funds.  (*See id.* at 4).

25        There is no constitutional right to counsel in federal habeas proceedings.  *Coleman v.*

26  *Thompson*, 501 U.S. 722, 752 (1991); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993).

27  However, the Criminal Justice Act 18 U.S.C. § 3006A, authorizes the Court to appoint counsel

28  for a financially eligible person who seeks relief under § 2254 when the "court determines that

the interest of justice so require."  *Id*. at § 3006A(a)(2)(B); *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) ("Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.").  Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the Court to appoint counsel: (1) where discovery is authorized on a showing of good cause and counsel is deemed "necessary" to facilitate effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted for the disposition of a petition.  *See* Habeas Rules 6(a) and 8(c).

The undersigned denied Petitioner's previous request for appointment of counsel on March 12, 2025, noting that Petitioner had not shown that the issues in this case were complex and "Petitioner's proffered difficulties arising from his lack of funds are shared with many other habeas petitioners."  (Doc. 11 at 2).  Petitioner does not assert any additional facts that would alter this previous conclusion.  Accordingly, the circumstances of this case still do not indicate that appointed counsel is necessary or that failure to appoint counsel would implicate due process concerns.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that Petitioner's renewed motion for appointment of counsel (Doc. 14) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   **September 15, 2025**

UNITED STATES MAGISTRATE JUDGE