# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

GENE EDWARD EVANS,

           Petitioner,

    v.

UNKNOWN,

           Respondent.

Case No. 1:25-cv-0235 KES CDB (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR LACK OF JURISDICTION, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE

(Doc. 13)

Gene Edward Evans is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The assigned magistrate judge performed a preliminary review pursuant to Rule 4 of the Rules Governing § 2254 Cases and observed that Evans "previously filed a federal habeas petition challenging the same underlying convictions as the instant petition." Doc. 13 at 2. The magistrate judge found Evans filed "an unauthorized successive petition," and recommended the petition be dismissed for lack of jurisdiction. *Id.* at 3.

On August 13, 2025, the court served the findings and recommendations upon Evans and notified him that any objections were due within 14 days. Doc. 13 at 3-4. The court also "advised that failure to file objections within the specified time may result in the waiver of rights on appeal." *Id.* at 4 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)). Evans did not file objections addressing the

findings and recommendations, and the time to do so has expired.[1]

Pursuant to 28 U.S.C. § 636(b)(1), the court conducted a de novo review of the case. Having carefully reviewed the entire matter, the court concludes the findings and are supported by the record and proper analysis.

The court also finds a certificate of appealability should not issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on procedural grounds, the court may only issue a certificate of appealability if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, reasonable jurists would not find the determination that the petition is successive debatable or wrong, or that Evans stated a valid claim of the denial of a constitutional right. Thus, the court **ORDERS**:

1.　The findings and recommendations issued on August 13, 2025 (Doc. 13) are **ADOPTED** in full.

2.　The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice, as an unauthorized successive petition.

3.　The Clerk of Court is directed to close the case.

4.　The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:　February 11, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] To the extent the renewed request for the appointment of counsel could be construed as objections, such objections fail because Evans only reasserts arguments raised in the initial petition without engaging with the magistrate judge's conclusion that the petition is second or successive. *See* Doc. 14.

2